Judge: Matthew F. Kennelly
Magistrate Judge: M. David Weisman
Lead Case: 24cv6795
Filed: 08/01/2024
NF

FILED
8/1/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
NF

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MULTIPLAN HEALTH INSURANCE
PROVIDER LITIGATION                                                MDL No. 3121

## TRANSFER ORDER

**Before the Panel**:* Plaintiffs in three Northern District of Illinois actions move under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation consists of six actions pending in three districts, as listed on Schedule A. In addition, the parties have informed the Panel of eighteen potentially-related actions pending in two districts.[1]

All responding parties agree that the actions should proceed together in one court, but they differ as to the mechanism for transfer and their preferred transferee forum. Plaintiff in one Northern District of Illinois potential tag-along action supports the motion. Plaintiffs in eighteen actions and potential tag-along actions support or do not oppose Section 1407 centralization in the Southern District of New York. Plaintiffs in fourteen of those actions also would not oppose Section 1404 transfer to that district. Defendants prefer Section 1404 transfer to the Northern District of Illinois and, alternatively, support Section 1407 centralization in that district.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. No party disputes that these actions share factual questions arising from an alleged conspiracy to fix, suppress, and stabilize reimbursement rates paid to healthcare providers for out-of-network healthcare services in the U.S. in violation of the Sherman Act. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly as to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing Section 1407 centralization in favor of Section 1404 transfer, defendants argue that there is a "reasonable prospect" that their filed and anticipated motions to transfer the actions to the Northern District of Illinois will render Section 1407 centralization unnecessary, citing *In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L.

---

\*       Judge Karen K. Caldwell and Judge Matthew F. Kennelly did not participate in the decision of this matter.

[1]       These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

- 2 -

2012) ("[W]here a reasonable prospect exists that resolution of Section 1404 motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization."). We disagree. Defendants have moved to transfer the Northern District of California action to the Northern District of Illinois, but they have yet to file a similar motion concerning the Southern District of New York actions. Because defendants do not intend to immediately move to transfer the first-filed Southern District of New York *Adventist Health* action—they prefer instead to wait until a ruling on their motion to dismiss issues—it is unclear when the multidistrict character of this litigation could be eliminated, if at all. All parties agree the actions should proceed in a single court, and Section 1407 centralization affords the parties and the judiciary the fastest route to realizing the efficiencies of coordinated proceedings for all related actions.

The Northern District of Illinois is an appropriate transferee district for this litigation. Six actions are pending in that district, which has the support of both some plaintiffs and all defendants. Two defendants are headquartered in Illinois, and several others are located nearby. Judge Matthew F. Kennelly is well-versed in the nuances of complex and multidistrict litigation, and we are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Matthew F. Kennelly for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |



A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ N. FINLEY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
August 2, 2024

IN RE: MULTIPLAN HEALTH INSURANCE  
PROVIDER LITIGATION                                             MDL No. 3121

## SCHEDULE A

### Northern District of California

1:24−cv−06802  CURTIS F. ROBINSON M.D., INC. v. MULTIPLAN, INC., ET AL.,
 C.A. No. 3:24−02993

### Northern District of Illinois

ALLEGIANCE HEALTH MANAGEMENT, INC. v. MULTIPLAN, INC., ET AL.,
 C.A. No. 1:24−03223
LIVE WELL CHIROPRACTIC PLLC v. MULTIPLAN, INC., ET AL.,
 C.A. No. 1:24−03680
IVY CREEK OF TALLAPOOSA LLC, ET AL. v. MULTIPLAN, INC.,
 C.A. No. 1:24−03900

### Southern District of New York

1:24−cv−06803  ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION v.
 MULTIPLAN, INC., C.A. No. 1:23−07031
1:24−cv−06804  CHS/COMMUNITY HEALTH SYSTEMS, INC. v. MULTIPLAN, INC.,
 C.A. No. 1:24−03544